**FILED**

Pro Se 14 (Rev. 09/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA

Benny Earl Yauger Jr. )
_____ )
*Plaintiff* )
*(Write your full name. No more than one plaintiff may be named in* )
*a complaint.)* )
)
-v- )   Case No. 7:22CV1497-SGC. MHH
)   *(to be filled in by the Clerk's Office)*
)
)
)
)
)
Pickens County Sheriffs Office, et al )
_____ )
*Defendant(s)* )
*(Write the full name of each defendant who is being sued. If the* )
*names of all of the defendants cannot fit in the space above, please* )
*write "see attached" in the space and attach an additional page* )
*with the full list of names. Do not include addresses here. Your* )
*complaint may be brought in this court only if one or more of the* )
*named defendants is located within this district.)* )

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
### (Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee of $402.00 or an Application to Proceed *In Forma Pauperis*.

Mail the original complaint and the filing fee of $402.00 or an Application to Proceed *In Forma Pauperis* to the Clerk of the United States District Court for the Northern District of Alabama, Room 140, Hugo L. Black U.S. Courthouse, 1729 5th Avenue North, Birmingham, Alabama 35203-2195.

---

**I.     The Parties to this Complaint**

**A.     The Plaintiff**

Provide the information below for the plaintiff named in the complaint.

| | |
|---|---|
| Name | Benny Earl Yauger Jr. |
| All other names by which you have been known: | Ben Yauger |
| ID Number | 10509-509 |
| Current Institution | United States Penitentiary Marion |
| Address | P.O. Box 1000 |
| | Marion            IL         62959 |
| | *City*                *State*        *Zip Code* |

**B.     The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Pickens County Sheriffs Office |
| Job or Title *(if known)* | Pickens County Jail |
| Shield Number | |
| Employer | |
| Address | 188 Cemetery Street |
| | Carrollton         Al        35447 |
| | *City*                *State*        *Zip Code* |

☒ Individual Capacity      ☒ Official Capacity

Defendant No. 2

| | |
|---|---|
| Name | Jane Doe   (Cindy) |
| Job or Title *(if known)* | Nurse |
| Shield Number | |
| Employer | Pickens County Sheriffs Office |
| Address | 188 Cemetery Street |
| | Carrollton         Al        35447 |
| | *City*                *State*        *Zip Code* |

☒ Individual Capacity      ☒ Official Capacity

2

Defendant No. 3

    Name                      Jane Doe

    Job or Title *(if known)*    Nurse

    Shield Number

    Employer             Pickens County Sheriffs Office

    Address               188 Cemetery Street

                       Carrollton       Al        35447
                           *City*             *State*          *Zip Code*

    ☒ Individual Capacity      ☒ Official Capacity

Defendant No. 4

    Name                      Candace Rhinhart

    Job or Title *(if known)*    Assistant nurse

    Shield Number

    Employer             Pickens County Sheriffs Office

    Address               188 Cemetery Street

                       Carrollton       Al        35447
                           *City*             *State*          *Zip Code*

    ☒ Individual Capacity      ☒ Official Capacity

Defendant No. 5.

    Name                      Mr. Hill

    Job or Title *(if known)*    jailer or corrections officer

    Shield Number

    Employer             Pickens County Sheriffs Office

    Address               188 Cemetery Street

                       Carrollton       Al        35447
                           *City*             *State*          *Zip Code*

    ☒ Individual Capacity      ☒ Official Capacity

Defendant No. 6.

    Name                      (unknown) healthcare provider

    Job or Title *(if known)*

    Shield Number

    Employer             Pickens County Sheriffs Office

    Address               188 Cemetery Street

                       Carrollton       Al        35447
                           *City*             *State*          *Zip Code*

    ☒ Individual Capacity      ☒ Official Capacity

Defendant No. 7.

    Name

    Job or Title *(if known)*

    Shield Number

    Employer

    Address

|  | *City* | *State* | *Zip Code* |
|---|---|---|---|

☐ Individual Capacity    ☐ Official Capacity

Defendant No. 8

    Name

    Job or Title *(if known)*

    Shield Number

    Employer

    Address

|  | *City* | *State* | *Zip Code* |
|---|---|---|---|

☐ Individual Capacity    ☐ Official Capacity

## II.   Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal law]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A.   Are you bringing suit against *(check all that apply)*:

    ☐ Federal officials (a *Bivens* claim)

    ☒ State or local officials (a § 1983 claim)

B.   Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities, secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

    *See attached*

4

C.  Plaintiffs suing under *Bivens* may only recover for violation of certain constitutional rights. If you are suing under *Bivens,* what constitutional right(s) do you claim is/are being violated by federal officials?

_____

_____

D.  Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens,* explain how each defendant acted under color of federal law. Attach additional pages if needed.

_____ *See attached* _____

_____

## III.  Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply):*

☐  Pretrial Detainee

☐  Civilly committed detainee

☐  Immigration detainee

☐  Convicted and sentenced state prisoner

☒  Convicted and sentenced federal prisoner

☐  Other _____
    *(explain)*

## IV.  Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.  If the events giving rise to your claim arose outside an institution, describe where and when they arose.

_____

_____

B.  If the events giving rise to your claim arose in an institution, describe where and when they arose.

*Pickens County Jail*
*October of 2020 thru November of 2021*

C.  What date and approximate time did the events giving rise to your claim(s) occur?

October 2020 thru November 2021

D.  What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

See attached

## V.   Injuries

If you sustained injuries related to the events alleged above, describe your injuries in detail.

See attached

## VI.   Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

See attached

6

**VII.**    **Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

__Pickens County Jail__

B.   Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☐ Yes

☐ No

☒ Do not know

C.   Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☐ No

☒ Do not know

If yes, which claim(s)?

_____

_____

7

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐ Yes

☒ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☒ No

E. If you did file a grievance:

1. Where did you file the grievance?

   _____

2. What did you claim in your grievance?

   _____

3. What was the result, if any?

   _____

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____

F.  If you did not file a grievance:

   1.  If there are any reasons why you did not file a grievance, state them here:

   *There was not one made available to me.*

   2.  If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

   _____

G.  Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

   *I wrote Pickens County Jail in August and again in November for its grievance procedures, no response.*
   *(See attached)*

   *(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

**VIII.  Previous Lawsuits**

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had any cases dismissed based on grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted?

☐  Yes

☒  No

If yes, state which court dismissed your case(s), when this occurred, and attach a copy of the order(s) if possible.

_____

_____

_____

_____

_____

9

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

    ☐   Yes

    ☒   No

B.   If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

    1.   Parties to the previous lawsuit

        Plaintiff(s)     _____

        Defendant(s)    _____

    2.   Court *(if federal court, name the district; if state court, name the county and State)*

        _____

    3.   Docket or index number

        _____

    4.   Name of Judge assigned to your case

        _____

    5.   Approximate date of filing lawsuit

        _____

    6.   Is the case still pending?

        ☐   Yes

        ☐   No

If no, give the approximate date of disposition.    _____

    7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

        _____

10

**IX.** **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.**

Printed Name of Plaintiff     Benny Earl Yauger Jr.

Prison Identification #     10509509

Prison Address     P.O. Box 1000

Marion     Il     62959

City     State     Zip Code

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     11/21/22

(Date)

Benny Yauger

Signature of Plaintiff

11

II.  Basis for Jurisdiction
  B. First Amendment, Fifth Amendment
     Eighth Amendment, Fourteenth Amendment
     This court has supplemental jurisdiction
     over plaintiffs state law claims
     under 28 U.S.C. section 1367


  D. Each defendant was an emloyee of
     the Pickens County Sheriffs Office or
     contracts with Pickens County to
     provide health care services to detainees
     in the jail. At all times each defendant
     acted under color of state law.


IV.   Statement of claim
D.  1. Somewhere between the end of November
       2021 to January 2021 I had an abscess
       tooth. This was causing me to suffer
       terrible pain. I was turning in many
       sick call sheets (requests for medical
       care) with no response. Sometime after
       this denial of medical care (malpractice
       negligence) assistant nurse Rhinhart
       (defendant No. 4) told me (the plaintiff) that
       nurse Cindy (defendant No. 2) had been
       throwing my sick call sheets in the
       trash. There were two witness to
       this statement. An officer named
       Mr. Richardson and an inmate named
       Cecil Dawayne Payne. This is clearly
       deliberate indifference to a serious
       medical need. This is also medical
       malpractice.

2. Somewhere between Febuary 2021 and April 2021 officer Mr. Hill (defendant No.5) placed me (the plaintiff) and John Earl Norman in disciplinary segregation. Mr. Hill or officer Hill (No.5) done this after he came into the housing unit screaming and using profanity and derogatory language. What caused this was a black inmate called me a stinking ass honky, so I called him a stinking ass nigger. So, Me (the plaintiff) and John Earl Norman were punished and the black man that caused the problem was not. This is clearly racial discrimination. Also, intentional infliction of emotional distress. Mr. Hill's (No. 5) wanton actions were sadistic and racist.

3. Sometime early in 2021 I (the plaintiff) finaly get to a dentist. The jail takes me to a Dr. Hagler. Dr. Hagler extracts 1 tooth, maybe two. Then a little while later I go back to Dr. Hagler and he says that I need to go to a dental surgeon. Dr. Hagler tells me that this is a medical emergency that I go to this surgeon. Dr. Hagler refers me to a surgeon in Tuscaloosa, Al. At this time defendant No.2 is no longer working at Pickens County Jail. I am suffering lots of pain and fighting infection from these bad teeth for a long period. During this time of my suffering nurse Jane Doe (defendant No.3) and assistant nurse Rhinhart (No. 4) cancel my prescribed pain medication.

13

At some point they prescribe me another pain medication and bill my inmate account for it.

It took many months for the nurses to get me to this dental surgeon. I complained of this dental pain over and over. Assistant nurse Rhinhart (No. 4) gave me many excuses for them not getting me to the surgeon. She (No. 4) said they had to wait on the U.S. Marshals to approve the surgery. Then about three times she (No. 4) said they didn't have any way to transport me. It was only after I had many of my family & friends to call and complain that they got me to the surgeon. I was in severe pain for many months due to their deliberate indifference and gross negligence. I also suffered much mental anguish due to my thinking that I may die from complications from oral infection. This dental problem was causing other health problems such as high blood pressure, chest pain, sinus infection, and inability to eat. Both nurses (No. 3 & No. 4) had knowledge of my pain and worry, also the risk of serious harm. They disregarded my pain and suffering. Their conduct is more than gross negligence and is medical malpractice. I include unknown healthcare provider (defendant No. 6) that defendants No. 2, No. 3, & No. 4 work under.

14

4. Exposure to second-hand smoke.
The whole 13 months that I was
held in Pickens County Jail I was
exposed to extreme levels of
K2 smoke. This smoke contributed to
me being sick for the entire time
I was there. Employees of the Pickens
County Jail knew of this condition
(toxic K2 smoke) and did not respond
reasonably. These conditions not only
caused me immediate respiratory
problems they also put me at serious
risk for serious injury in the future.
Lack of basic sanitation.
The jail has a major problem with
proper ventilation and black mold.
These molds have been known to cause
cancer. They to contributed to
me being sick and put me at
serious risk for injury in the future.
Constant lighting
Bright lights being on 24 hours a day
caused sleep deprivation.

V. Injuries

1. Many months of severe pain and suffering from dental and oral infections.

2. Emotional and psychological distress caused by officer Hills racial discrimination and sadistic actions.

3. Many months of severe pain and suffering from dental and oral infections that could have been previously treated. Mental and psychological anguish from pain and the thought that I would die from complications of infection.

4. Unreasonable risk of serious damage to my health in the present as well as in the future from the toxic smoke exposure. Future risk of cancer from the black mold exposure. Psychological damage from sleep deprivation because of the constant lighting.

VI. Relief
1. I ask the court for a full investigation of the jail, nurses, and healthcare providers policies and actions.
I ask for $250,000⁰⁰ on the part of nurse Cindy (defendant #2) who denied me medical care and committed malpractice.
I ask for $250,000⁰⁰ on the part of the healthcare provider (defendant #6) for the negligence and malpractice.
I ask for $1,000,000⁰⁰ from the Pickens County Sheriffs Office for these same offences.

2. I ask the court for a full investigation of the actions of officer Hill (defendant #5).
I ask for $50,000⁰⁰ from officer Hill (#5) for racial discrimination.

3. I ask the court for a full investigation of the jail, nurses, and healthcare providers policies and actions.
I ask for $250,000⁰⁰ on the part of each nurse, defendants #2 & #4.
I ask for $250,000⁰⁰ on the part of the healthcare provider (#2).
I ask for $1,000,000⁰⁰ from the Pickens County Sheriffs Office for these offences.

4. I ask the court for a full investigation of the inhumane conditions of the Pickens County Jail.
I ask for $1,000,000⁰⁰ from the Pickens County Sheriffs Office for inhumane and unconstitutional confinement.

17